FILED
SEP 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware Limited Liability Company, formerly known as Century 21 Real Estate Corporation, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAN VICENTE REAL ESTATE SERVICES, INC, a California corporation doing business as Century 21 San Vicente; ARNOLD K. FRY, an individual; HELEN B. JUPIN, an individual,<br><br>Defendants. | CASE NO. 12CV1416WQH(WVG)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Application for an Order to Show Cause Regarding a Preliminary Injunction (ECF No. 7) and Motion for Default Judgment (ECF No. 21) filed by Plaintiff Century 21 Real Estate LLC.

## BACKGROUND

On June 11, 2012, Plaintiff initiated this action by filing the Complaint against Defendants San Vicente Real Estate Services, Inc., Arnold K. Fry, and Helen B. Jupin. (ECF No. 1). On June 14, 2012, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction. (ECF No. 7). On June 18, 2012, the Court denied the Application for a Temporary Restraining Order for failure to comply with the requirements of Rule 65(b)(1). (ECF No. 12). The Court stated: "The Court

will set a briefing schedule for the Application for an Order to Show Cause Regarding a Preliminary Injunction after proofs of service of the Summons, Complaint, and Application for an Order to Show Cause Regarding a Preliminary Injunction are filed." *Id.*

On June 18, 2012, proofs of service of the Summons and Complaint on Defendants were filed. (ECF Nos. 9, 10, 11). On June 19, 2012 and June 26, 2012, proofs of service of the Application for an Order to Show Cause on Defendants were filed. (ECF Nos. 13, 14, 15). On June 28, 2012, the Court set a briefing schedule for the Application for an Order to Show Cause. (ECF No. 16). On June 29, 2012, Plaintiff filed a certificate of service reflecting that the Court's June 28, 2012 Order was mailed to Defendants. (ECF No. 17). Defendants did not file any answer to the Complaint or response to the Application for an Order to Show Cause as instructed by the Court.

On July 10, 2012, the Clerk of the Court entered default against Defendants. (ECF No. 19). On May 8, 2012, Plaintiff filed a Motion for Entry of Default Judgment against Defendants. (ECF No. 21).

## ALLEGATIONS OF THE COMPLAINT

On July 1, 2004, Defendant San Vicente entered into a real estate franchise agreement with Plaintiff Century 21. Defendants Fry and Jupin personally guaranteed San Vicente's performance under the agreement. Under the agreement, Plaintiff agreed to grant the Century 21 trademarks and marketing license to San Vicente in exchange for a 6% gross revenue royalty fee and a 2% gross revenue contribution to the national advertising fund. San Vicente agreed that any unauthorized use of the Century 21 marks would constitute a breach of the agreement and infringement of Plaintiff's rights. San Vicente agreed that upon termination of the agreement, San Vicente would permanently and immediately discontinue all use of the Century 21 marks. The agreement also contained provisions permitting recovery of attorneys fees to any party prevailing in a legal proceeding against the other.

On August 23, 2011, Plaintiff exercised its option to terminate the agreement, after giving Defendants required notice and the opportunity to cure breaches. As of August 23, 2011, Defendants were to cease use of Century 21 trademarks on signs, advertising, letterheads

and listings.

Defendants have continued to use the Century 21 marks in conducting their real estate brokerage business, including answering their phones as "Century 21," and failing to remove Century 21 signage from the office building, online website, and business cards. Defendants have ignored Plaintiff's demands to cease and desist use of the Century 21 marks.

Plaintiff asserts claims for trademark infringement, common law trademark infringement, unfair competition, false designation and false advertising against all Defendants. Plaintiff asserts a claim of breach of contract against Defendant San Vicente and breach of guaranty against Defendants Fry and Jupin in the amount of $107,000. Plaintiff also seeks reasonable attorney's fees and costs of suit. Plaintiff seeks preliminary and permanent injunctions against Defendants' continued infringement through use of the Century 21 marks.

## DISCUSSION

Plaintiff seeks default judgment against San Vicente, Fry, and Jupin in the amount of $107,000, for fees and contributions owed during the infringement period. Plaintiff seeks attorney's fees and costs in the amount of $22,132, which is permitted by the terms of the franchise agreement. Plaintiff seeks post-judgment interest on the total amount of the judgment at the interest rate available under 28 U.S.C. § 1961. Plaintiff seeks a permanent injunction precluding Defendants from using Century 21 trademarks in any manner.

Plaintiff submits the declaration of Gary A. Collis, counsel for Plaintiff, who has attached evidence showing Plaintiff incurred the cost of $22,132 litigating Plaintiff's claims against Defendants. (ECF No. 21-2). Plaintiff submits the declaration of Jacqueline Bertet, senior director of Century 21 Real Estate LLC, who states that "a reasonable approximation of the amount that San Vicente owes for the nearly one year period of time that it has been infringing on the Century 21 marks in the operation of its real estate brokerage is $111,499.63." (ECF No. 21-1). Plaintiff seeks $107,000 because that amount was demanded in the Complaint. Plaintiff submits the franchise agreement signed by Defendants which states:

> If we bring an action against you or anyone associated with you in the Business, before or after expiration or termination, seeking to halt infringement of the Marks, you acknowledge that any court having jurisdiction of the matter may enter temporary restraining orders, preliminary and permanent injunctions

> without posting a bond or other security .... Furthermore, ... you will pay Royalty Fees and NAP contributions on all Gross Revenues during the period of any infringement; attorneys' fees incurred by us in the enforcement of our rights concerning the Marks; and the costs and disbursements of bringing the enforcement action. You acknowledge that if you breach this Agreement and/or continue to utilize the System or Marks at such times when you are not legally entitled to use them, we shall have no adequate remedy at law. Therefore, you expressly consent and agree that we may, in addition to any other available remedies, obtain an injunction and/or temporary restraining order to terminate or prevent the continuation of any existing default or violation, and to prevent the occurrence of any threatened default or violation, by you of this Agreement.

(ECF No. 1-1 at 8).

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted:

> (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of prejudice to the plaintiff if relief is denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted from excusable neglect, and (7) the public policy favoring resolutions of cases on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing.... If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citations omitted).

1   The Clerk of the Court has entered default against Defendants San Vicente, Fry, and
2   Jupin. The Court accepts the factual allegations in the Complaint as true.

3   Plaintiff has shown that Defendants breached the franchise agreement and are
4   unlawfully using the Century 21 trademark in violation of the terms of the agreement. Plaintiff
5   has shown that Defendants San Vicente, Fry, and Jupin were served with the Summons, the
6   Complaint, and the Application for Order to Show Cause Regarding a Preliminary Injunction.
7   Defendants have failed to respond to the Complaint or the Application. The possibility that
8   Defendants' default was due to excusable neglect is low. The sum of money at stake for
9   damages is commensurate with the violations as alleged in the Complaint. Although there is
10  a "strong policy ... favoring decision on the merits," the content of Fed. R. Civ. P. 55(b)
11  indicates that the seventh *Eitel* factor is not alone dispositive. *Eitel*, 782 F.2d at 1472.
12  Defendants' failure to answer the Complaint makes a decision on the merits "impractical, if
13  not impossible." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal.
14  2003) (quotation omitted). The Court has considered the factors articulated in *Eitel* and
15  concludes that default judgment against Defendants San Vicente, Fry, and Jupin is appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment Against Defendants San Vicente Real Estate Services, Inc., Arnold K. Fry, and Helen B. Jupin (ECF No. 21) is GRANTED. Plaintiff shall submit a proposed judgment reflecting the requested monetary and injunctive relief no later than fourteen (14) days from the date of this Order.

IT IS FURTHER ORDERED that the Application for an Order to Show Cause Regarding a Preliminary Injunction (ECF No. 7) is DENIED as moot.

DATED: 9/11/12

William Q. Hayes
United States District Judge